IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ARCHIVES AND <br> RECORDS ADMINISTRATION, <br> 8601 Adelphi Road, Room 5210 <br> College Park, MD 20740-6001, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant National Archives and Records Administration to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant National Archives and Records Administration ("NARA") is an agency of the United States Government and is headquartered at 8601 Adelphi Road, College Park, MD 20740.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 20, 2025, Plaintiff submitted identical FOIA requests to NARA, by email, seeking access to the following public records:

> All previously unreleased records in the possession of the National Archives and Records Administration regarding the assassination of President John F. Kennedy. This request includes, but is not limited to, all records transferred to NARA by the Assassination Records Review Board.

One request was directed to NARA's FOIA officer.  The other was directed to NARA's Archival Operations Division - Presidential Collections.

6. The requests explained that, the day before taking office on January 20, 2025, then President-Elect Donald Trump announced that, "[i]n the coming days, we are going to make public remaining records related to the assassination[] of President John F. Kennedy . . . and other topics of great public interest."

7. NARA acknowledged receipt of both requests by emails dated January 21, 2025 and advised that it was forwarding the requests to other NARA components.  Plaintiff has received no further communication from NARA since that date.

8. As of the date of this Complaint, NARA has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any

withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's requests by February 19, 2025.

14. Because Defendant failed to make a final determination on the requests within the time limit set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  February 27, 2025

Respectfully submitted,

/s/ *T. Russell Nobile*
T. Russell Nobile
D.D.C. Bar No. MI0092
JUDICIAL WATCH, INC.
P. O. Box 6592
Gulfport, Mississippi 39506
Tel:  (202) 646-5172
Email:  Rnobile@judicialwatch.org

*Counsel for Plaintiff*

- 4 -