UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, <br><br> Defendant. | Civil Action No. 25-0577 (SLS) |

## ANSWER

Defendant the National Archives and Records Administration ("NARA"), by and through its undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint brought in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action. NARA responds to the Complaint in like numbered paragraphs as follows:

**JURISDICTION AND VENUE**[1]

1. This paragraph consists of legal conclusions concerning subject matter jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that the Court has subject-matter jurisdiction over actions involving proper FOIA requests and subject to all of the terms and limitations of FOIA.

2. This paragraph consists of legal conclusions concerning venue, to which no response is required. To the extent any response is required, Defendant admits that venue is proper in this District.

---

[1] For ease of reference, the Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PARTIES

3. NARA lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. The allegations contained in Paragraph 4 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that NARA is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The rest of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

## STATEMENT OF FACTS

5. Defendant denies that on January 20, 2025, Plaintiff submitted two FOIA requests to NARA. Defendant avers that on January 20, 2025, Plaintiff submitted one FOIA request to two different components of NARA. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

6. Paragraph 6 contains Plaintiff's characterization of its FOIA request. Defendant respectfully refers the Court to Plaintiff's January 20, 2025 FOIA request for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

7. Defendant denies that it acknowledged receipt of two FOIA requests from Plaintiff dated January 20, 2025. Defendant avers that it acknowledged receipt of Plaintiff's one FOIA request by email dated January 21, 2025 stating that it was forwarding the request to the appropriate NARA division, Special Access and FOIA. Defendant admits that it has not yet provided Plaintiff a final response.

8. Defendant admits that as of the date of the Complaint, NARA did not issue a final response to Plaintiff.

## COUNT I
## (Violation of FOIA, 5 U.S.C. § 552)

9. NARA incorporates by reference the foregoing paragraphs as if fully set forth herein.

10. This paragraph consists of Plaintiff's conclusions of law with respect to the FOIA, to which no response is required. To the extent any response is deemed required, Defendant denies the allegations contained in this Paragraph.

11. This paragraph consists of Plaintiff's conclusions of law with respect to the FOIA, to which no response is required. To the extent any response is deemed required, Defendant denies the allegations contained in this Paragraph.

12. This paragraph consists of Plaintiff's conclusions of law with respect to the FOIA, to which no response is required. To the extent any response is deemed required, Defendant denies the allegations contained in this Paragraph.

13. This paragraph consists of Plaintiff's conclusions of law with respect to the FOIA, to which no response is required. To the extent any response is deemed required, Defendant denies the allegations contained in this Paragraph.

14. This paragraph consists of Plaintiff's conclusions of law with respect to the FOIA, to which no response is required. To the extent any response is deemed required, Defendant denies the allegations contained in this Paragraph.

The remainder of the complaint contains Plaintiff's requested relief, not factual allegations to which a response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

NARA hereby denies all allegations in the Complaint not expressly admitted or denied.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

1. The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

2. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions of the FOIA. *See* 5 U.S.C. § 552(b). Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist necessitating additional time for Defendant to continue its processing of the request. *See* 5 U.S.C. § 552(a)(6)(C).

3. Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

Dated: April 28, 2025                    Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2512

*Attorneys for the United States of America*